

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

December 20, 1974

The Honorable Betty J. Anderson
Executive Secretary
Texas State Board of Examiners
in the Basic Sciences
1012 Sam Houston State Office Bldg.
Austin, Texas 78701

Opinion No. H- 483

Re: Applicability of Open
Records Act to information
and files of Board of Examiners
in the Basic Sciences. V.T.C.S.
art. 6252-17a

Dear Mrs. Anderson:

Your Board has requested our opinion on a number of questions concerning the applicability of the Open Records, article 6252-17a, Vernon's Texas Civil Statutes, to various records and information held by your Board. Your questions can be stated as follows:

(1) Are examination questions prepared by the Board public information, either before or after the examination is administered?

(2) Are the examination grades, examination papers, and personal information submitted by applicants, such as transciprts and similar information, public information?

(3) Are the grades made by the students of a specific school of the healing arts public information?

(4) If the information in an applicant's file is public, may the Board decline to disclose it until after completion of its investigation and evaluation?

(5) If the Board has reason to believe that its action may result in litigation, may it decline to disclose information concerning that case?

The Board is a "governmental body" as defined by section 2(1)(A) of the Open Records Act and is generally subject to the mandate of section 3(a) of the Act, which provides:

> All information collected, assembled, or maintained by governmental bodies pursuant to law or ordinance or in connection with the transaction of official business is public information and available to the public during normal business hours of any governmental body, with the following exceptions only . . .

Your first question concerns the examination questions prepared by the Board. The purpose of the Board is to examine applicants to determine their knowledge, ability, and skill in the basic sciences, and to issue certificates of proficiency in the basic sciences to those persons who meet the statutory standards and requirements as to citizenship, age, character and academic achievement. V. T. C. S. art. 4590c, secs. 6 and 7.

It is a well established principle that a statutory grant of an express power carries with it by necessary implication every other power necessary for the execution of that power. Brown v. Clark, 116 S. W. 360 (Tex. 1909); Terrell v. Sparks, 135 S. W. 519 (Tex. 1911); Imperial Irr. Co. v. Jayne, 138 S. W. 575 (Tex. 1911); 53 Tex. Jur. 2d, Statutes § 141 (1964); 2A Sutherland, Statutory Construction, § 55. 04 (4th Ed. 1973).

Section 3(a)(1) of the Open Records Act exempts from disclosure as public information "information deemed confidential by law, either constitutional, statutory, or by judicial decision." Although there is no express provision in article 4590c making the Board's examination questions confidential either before or after they have been administered, we believe that the statutory authority to conduct examinations necessarily implies the authority to maintain the confidentiality of the specific questions with which the applicant's knowledge of a subject is to be tested.

Section 6(a)(9) of the Open Records Act makes public "instruction as to the scope and contents of all . . . examinations." We do not believe that it contemplates publicizing the question in the examination itself. Otherwise the examination would be rendered useless. We cannot ascribe to the Legislature an intent to achieve an absurd result. Attorney General Opinion H-242 (1974).

Your first question also asks whether the Open Records Act makes your examination questions public information after they have been used.

The examination process may vary considerably from agency to agency and from time to time within an agency, and thus it is not possible to answer this question definitively.

The Board's statutory duty and authority is to conduct an examination at least every six months. We believe that authority includes the power not only to select or develop questions, but also to decide whether the questions used on one examination will be used on another. Where the Board's policy is to reuse examination questions to such an extent that knowledge of a past examination's questions would compromise the effectiveness of future examinations, the Board may, within reason, maintain the confidentiality of past examinations. We do not believe that the Open Records Act was intended to require an examining agency to destroy its testing devices simply because they have been used once. However, once the possibility of compromising future examinations no longer exists, past examinations can no longer be considered confidential.

Section 14(a) of the Open Records Act provides:

> This Act does not prohibit any governmental
> body from voluntarily making part or all of its
> records available to the public, unless expressly
> prohibited by law; provided that such records
> shall then be available to any person.

We do not believe administration of the examination to applicants for a license would involve that section. Normally, examinations are not administered to the "public." To qualify to take the examination in the Basic Sciences one has to meet other rigorous requirements.

The statute requires that "[t]he examinations shall be conducted in writing, and in such manner as to be entirely fair and impartial to all individuals and to every school or system or practice," and further provides that "it is the intent of this Act that the examinations given shall be similar to the examinations given in the subjects named in this Act at the colleges or universities named above." V.T.C.S. art. 4590, sec. 6.

You state that Board policy is to hold copies of examinations which have been administered for one year, after which time they may be released to professional schools, certain hospitals, and certain other institutions, but not to individuals.

Insofar as the Board adopts a policy of limited distribution of its examinations in furtherance of these statutory objectives, we do not believe that such distribution would necessarily require public disclosure under section 14(a) of the Open Records Act.

We have not been requested to decide, under section 7 of the Act, that a particular document is or is not public information. If we are asked to determine that past examination questions should be held confidential, of necessity, we will require proof that such confidentiality is essential to the effective administration of the Board's powers and duties.

Your second question asks whether examination grades, examination papers and personal information submitted by applicants are public information under the Open Records Act. You advise us that it is a long-standing policy of the Board not to disclose such information, based on consideration for the individual's right of privacy.

The purpose of the Open Records Act is to provide people with "information regarding the affairs of government." V.T.C.S. art 6252-17a, sec. 1. The purpose of the Basic Sciences Act is to protect the public health by insuring that persons who wish to practice the healing arts are qualified to do so. V.T.C.S. art. 4590c, secs. 1 and 6. The problem is whether their combined effect is to make it a condition of practicing the healing arts that the applicant reveal personal information not only to members of a qualified board for their professional evaluation of his qualifications, but also to any member of the public who chooses to seek it for any reason.

There is no doubt that a state in the exercise of its police power may protect the public health by licensing and regulating the health professions. Sherman v. State Board of Dental Examiners, 116 S.W.2d 843 (Tex. Civ. App., --San Antonio 1938, writ ref'd.); Francisco v. Board of Dental Examiners, 149 S.W.2d 619 (Tex. Civ. App. --Austin 1941, writ ref'd.).

In undertaking its obligation to protect the public, the State must adopt those means which encroach least on fundamental rights, including the right to practice one's profession.  England v. Louisiana State Board of Medical Examiners, 246 F. Supp. 993, 997 (E. D. La. 1965) aff'd. 384 U.S. 885 (1966).  Shelton v. Tucker, 364 U.S. 479, 488 (1960).

In two cases involving a State's right to obtain information from an individual, the United States Supreme Court has regarded as significant whether or not the information was treated as confidential. In Shelton v. Tucker, supra, a statute requiring teachers to disclose organizational associations was held unconstitutional, the Court specifically noting that the statute did not require the information to be kept confidential.  In upholding a state bar licensing statute, the court considered it significant that answers provided by an applicant on a questionnaire were treated as confidential.  Law Students Civil Rights Research Council, Inc. v. Wadmond, 401 U.S. 154, 157 n. 4 (1971).

The Legislature's recognition of the privacy interest in the type of information about which you inquire is found in sections 3(a)(2) and 3(a)(14) of the Open Records Act.  The first protects information in personnel files from disclosure "which would constitute a clearly unwarranted invasion of personal privacy" and the second protects student records at educational institutions.

While neither exception precisely fits the situation you pose, the intent to protect this type of information from disclosure is clear.

In the absence of statutory or case law, we cannot say that all the information in question is made confidential by law, s o as to bring it within the exception of section 3(a)(1) of the Act.  Thus, it is not possible to resolve the issue in response to your general question. A factual determination as to whether particular information is private is necessary.

In our opinion, the Board may properly make a factual determination as to whether certain information it holds is private, based on whether it is information the disclosure of which would outrage, or cause mental suffering, shame or humiliation to a person of ordinary sensibilities. Billings v. Atkinson, 489 S. W. 2d 858 (Tex. 1973).

If in response to a particular request the Board determines that the specific information sought is private and thus excepted from disclosure, and that determination is disputed by the requesting party, the question should be presented for our decision on the facts of that case under section 7 of the Open Records Act.

Your third question is whether the grades made by students of a specific school of the healing arts is public information.   We do not believe that any of the exceptions to the Open Records Act would restrcit disclosure of the grades made by students of a specific school of the healing arts.   This is not to say that the Board is obligated to make such compilations and comparisions, but the information is public and must be made available for public inspection.

Your fourth question asks whether an applicant's file is public information while the application is under evaluation or investigation.

Section 6(a)(1) of the Open Records Act specifically makes public information of evaluations and investigations made by governmental bodies upon completion.

In Attorney General Opinion H-90 (1973), we stated that this subsection does not apply to records, as such.   The Act does not require the "evaluation or investigation" to be disclosed in partially completed form, but the records upon which the "evaluation or investigation" is based may be "public information" at all times.

The physical form or location of information is not determinative of the issue of whether it is public information.   An applicant's "file" may contain both disclosable and non-disclosable information.

The Act does recognize in section 4 that information might be in active use and therefore not immediately available, in which case the custodian is to advise the person requesting the information of " a date and hour within a reasonable time when the record will be available . . . "

Our answer to the question is that the fact that an applicant's file is under evaluation or investigation does not thereby except all information in the file from disclosure until after completion.

Your fifth question asks whether information in an applicant's file is public information if the Board has reason to believe that litigation may occur concerning the application.

Section 3(a)(3) of the Open Records Act excepts from disclosure "information relating to litigation of a criminal or civil nature and settlement negotiations, to which the state . . . is, or may be, a party, or to which an officer or employee of the state . . . is, or may be, a party, that the attorney general . . . has determined should be withheld from public inspection . . . "

In Attorney General Opinion H-90 (1973) we stated: "Where the records concern a matter in litigation, it is our opinion that a State agency . . . must withhold such information related to the litigation as the attorneys representing the State or its agencies . . . may require, but the remainder should be released."

We believe that this exception is applicable prior to, as well as during, litigation, but the anticipation of litigation must be a reasonable one related to a specific matter as opposed to a remote possibility among a group or classification, such as all persons who fail to pass the examination.

## SUMMARY

Authority to conduct an examination includes authority to maintain the confidentiality of the examination questions.

An applicant for certification may have a privacy interest in personal information in his file.

The grades made by students of the healing arts are public information.

The fact that an applicant's file is under evaluation or investigation does not except all information in the file from disclosure.

If litigation is reasonably anticipated in regard to a specific Board action, the section 3(a)(3) exception of the Open Records Act may apply.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee