

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

March 15, 1974

Senator H. J. "Doc" Blanchard      Opinion No. H- 258
Chairman, Senate Legislative Property Tax Comm.
State Capitol Bldg.      Re: Whether specific information
Austin, Texas 78711      re sales of property is disclosable
     under Open Records Law.

Dear Senator Blanchard:

Your opinion request requires us to determine whether the Open Records Act, Art. 6252-17a, V. T. C. S., would make available to the public certain financial information the Legislative Property Tax Committee (hereafter LPTC) proposes to gather from private sources as part of a study of the market value of the property in selected school districts.

In connection with an effort to formulate more equitable methods for the distribution of state financial aid to local school districts, the LPTC has been asked to ascertain the current market value of the property in each of Texas' school districts. In order to fulfill this request, the LPTC proposes to conduct an "audit" of market values and current property tax assessments in selected school districts. Information for the audit would be solicited from private sources in the sample districts by means of questionaires.

For example, individuals who had recently been party to a transfer of real property would be asked to supply information on the sales price and terms of the transaction. Selected commercial and industrial firms would be asked to provide the book value, depreciation reserves, and estimated market value of their inventory, equipment, and other personal property. Private appraisal firms would be requested to disclose the value at which they had appraised railroads, timber, factories, and other like high value properties.

Because of time limitation, the LPTC proposes to solicit the needed information on a voluntary basis, but it does not expect much of a response unless confidentiality can be promised. You ask whether the financial information obtained by means of the questionnaires could be retained by the LPTC as confidential or whether instead the Open Records Act would require the LPTC to make this information available to the public. You also ask several, more specific questions concerning the applicability of particular exceptions in the Act each of which we will address later in the opinion.

However, your questions do not involve specific requests for information which have been submitted to us for determination under § 7 of the Open Records Act. You have instead asked for advice which we can render under Article 4399, V. T. C. S. It should be borne in mind that the following discussion indicates the general conclusions we draw from the present state of the law, but that the particular facts surrounding a particular request submitted to us under § 7 of the Act may call for different conclusions at that time. We do not here prejudge any question which may later be presented to us pursuant to § 7 of the Act.

The purpose of the Open Records Act is to make information concerning the affairs of government available to the public. Its provisions are to be liberally construed in order to effectuate its purpose. (§ 1.)

Section 3(a) of the Act states that, subject to sixteen exceptions, all information collected, assembled, or maintained by governmental bodies pursuant to law or ordinance or in connection with the transaction of official business is public information and available to the public. Thus the legislative plan creates a liberal disclosure requirement, limited only by specific exceptions.

The LPTC is plainly a "governmental body" as that term is defined in § 2(1)(A) of the Act. At first blush, then, all the information it gathers is available to the public unless one of the exceptions set out in § 3(a) of the Act applies. A threshold question implicitly presented by

your opinion request, however, is whether the Open Records Act precludes governmental bodies such as the LPTC from conducting authorized investigations or surveys on a confidential basis.

It is our opinion that, unless authorized to do so by law, governmental bodies are now prevented by the Open Records Act from accompanying a request for information with a promise to keep it confidential. A contrary conclusion would mean that a governmental body could shield any information it gathers from the public eye simply by guaranteeing the source of that information that it would be kept secret--a possible result we do not believe the Legislature intended. Therefore when a governmental body conducts an authorized investigation, the information it collects is subject to the disclosure requirements of the Open Records Act, as tempered by the sixteen exceptions the Act contains, unless that body is expressly authorized by law to keep the information confidential.

While the LPTC is given broad power to subpoena witnesses and to order the production of any relevant information, nowhere in its enabling legislation or, to our knowledge, in any other statutory enactment is it expressly authorized to keep the results of its investigations confidential. Art. 7100, V. T. C. S. See also the Legislative Reorganization Act of 1961, Art. 5429 f, V. T. C. S. Prior to the advent of the Open Records Act, it might have been argued that the LPTC possessed such authority under the doctrine of implied powers. St. Clair v. Harris County Water Control and Improvement District No. 21, 474 S. W. 2d 545, 548 (Tex. Civ. App., Houston [14th Dist.], 1971, no writ), but see Attorney General Opinion WW-1235 (1962).

Finding no specific statutory authorization for not publicly disclosing such information, we now turn to the question of whether such authorization can be found elsewhere in § 3 (a) of the Open Records Act.

In your opinion request you referred us to several provisions in the Act which arguably might except financial information of the kind the Committee proposes to gather from public disclosure. First you suggest that such information might be protected by either the common law or

The Honorable H. J. "Doc" Blanchard, page 4 (H-258)

constitutional right of privacy. If so, the information would be "information deemed confidential by law, either Constitutional, statutory, or by judicial decision" and would be excepted from disclosure by § 3 (a) (1) of the Act.

A common law right of privacy has recently been recognized by the Texas Supreme Court in Billings v. Atkinson, 489 S. W. 2d 858 (Tex. 1973). The right was said to encompass:

> ". . . the right to be free from the unwarranted appropriation or exploitation of one's personality, the publicizing of one's private affairs with which the public has no legitimate concern, or the wrongful intrusion into one's private activities in such manner as to outrage or cause mental suffering, shame or himiliation to a person of ordinary sensibilities." (489 S. W. 2d at 859).

This definition is similar to that offered in other decisions recognizing a common law right of privacy. But in none of these cases have an individual's financial matters, such as the cost of his house or the value of his business property, been involved. Application of the right of privacy has usually been confined to situations involving publication of highly embarrassing information about an individual's personal affairs or habits. See Prossner, The Law of Torts, (3rd ed. 1964, pgs. 839-851), (4th ed. 1971, pgs. 802-818), 62 Am. Jur. 2d, Privacy, pgs. 677-755 and cases cited therein, and Attorney General Opinion H-90 (1973).

The United States Constitution also creates a right of privacy potentially even broader in scope than that created by the common law. Attorney General Opinion H-90 (1973). But so far it too has been limited in its application to protecting only personal rights that are deemed fundamental or implicit in the concept of ordered liberty. Roe v. Wade, 410 U. S. 113, 35L. Ed. 2d 147, 176 (1973). The constitutional right of privacy guarantees the individual some freedom from governmental

interference when engaged in activities relating to marriage, procreation, contraception, child rearing, etc. Roe, supra, at 177 and cases cited therein. It has not as yet been extended to afford him the same kind of privacy with respect to his financial affairs.

The exemption of § 3 (a) (1) of Article 6252-17a extends to "information deemed confidential by law, either Constitutional, statutory, or by judicial decision." Despite our strong belief in and appreciation of the importance of the right of privacy, until one of these sources holds that financial information of the kind involved here is confidential, we do not feel that we are authorized to extend the 3 (a) (1) exemption to the information about which you have inquired.

It is our our opinion, then, that ordinarily financial information of the kind sought by the LPTC has not been protected from disclosure by either the constitutional or common law right of privacy. Moreover even if such information were protected under the privacy doctrine, an individual who voluntarily supplied it to the LPTC by filling out a questionnaire might well have waived his right to assert that doctrine. See 62 Am Jur. 2d, Privacy § 18, Pg. 703, and Schneckloth v. Busta- monte, U.S. 36 L. Ed. 2d 854 (1973).

You next call our attention to § 3(a) (1þ) of the Open Records Act which excepts from disclosure "trade secrets and commercial or financial information obtained from a person and privileged or confidential by statute or judicial decisions. Section 3 (a) (10) is similar to the provisions" in the federal Freedom of Information Act which excepts from disclosure under that act "trade secrets and commercial or financial information obtained from a person and privileged or confidential. " 5 U.S.C.A. § 552 (b) (4) (1967). The "financial information" exception made in the federal act has consistently been interpreted to permit federal agencies to withhold financial information which a private individual wishes to keep confidential for his own purposes but reveals to the government under the express or implied promise by the government that the information will not be released to the public. General Services Administration v. Benson, 415 F. 2d 878, 881 (9th Cir. 1969). See also Getman v. NLRB,

450 F. 2d 670 (D. C. Cir. 1971); Sterling Drug Inc. v. F.T.C., 450 F. 2d 698 (D. C. Cir. 1971); and Bristol-Myers Co. v. F.T.C., 424 F. 2d 935 (D. C. Cir. 1970).

But, under § 3 (a) (10) of the State Act, it is not enough that the individual supplying the information expect it to be kept confidential; to the requirement in the federal act that the information be "privileged or confidential" the Legislature tacked on the additional requirement that it be made so "by statute or judicial decision." In order to be exempt from disclosure under § 3 (a) (10), then, information must be (1) either trade secrets or commercial/financial in nature, (2) obtained from a person, and (3) privileged or confidential by statute or judicial decision. Because of this last requirement, it is unlikely that, as presently written, § 3 (a) (10) exempts from disclosure any information not already exempt under § 3 (a) (1). Since to our present knowledge there are no statutes or judicial decisions making financial information gathered by the LPTC confidential, such information would not be excepted from disclosure by § 3 (a) (10).

A third exception to which you point is § 3 (a) (4) which permits governmental bodies to withhold "information which, if released, would give advantage to competitors or bidders." We do not believe the release of information such as the terms of a real estate transaction, the estimated value of business personalty, or the value at which an appraisal firm has appraised certain property ordinarily would give any advantage to competitors of the individuals providing that information. Therefore financial information of the kind sought by the LPTC ordinarily would not be excepted from disclosure under the Open Records Act by § 3(a)(4).

Finally you suggest that the Open Records Act might permit the LPTC to withhold the raw financial data it collects by means of the questionaires while requiring it to release that information when summarized and totaled. But the Open Records Act makes available to the public all information collected by governmental bodies regardless of what form it is in or what it is to be used for, unless one of the exceptions to the Act is found to apply. The Act makes no distinction between raw data and data contained in summarized form.

In conclusion it is our opinion that the disclosure requirements of the Open Records Act do apply to the financial information the LPTC proposes to gather and that none of the exceptions in § 3 (a) of the Act likely would permit the LPTC to withhold such information from the public.

## SUMMARY

Financial information of individuals collected by the Legislative Property Tax Committee during the course of a study of market value does not come within any of the exceptions of § 3(a) of Article 6252-17a, V. T. C. S. , and is public information subject to disclosure.

Yours very truly,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee