**Affirm and Opinion Filed February 18, 2022**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00489-CV**

**KELECHI OKERE, Appellant**
**V.**
**DALLAS AREA RAPID TRANSIT, Appellee**

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-00044**

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Reichek
Opinion by Justice Pedersen, III

Appellant Kelichi Okere sued appellee Dallas Area Rapid Transit (DART) for intentional infliction of emotional distress, disclosure of private facts, disorderly conduct, and negligence. DART answered and filed a motion to dismiss pursuant to Texas Rule of Civil Procedure 91a. The trial court granted DART's motion and dismissed Okere's claims with prejudice. In two issues, Okere asserts the trial court erred in granting DART's motion (i) without DART clearly identifying each of Okere's causes of action to which the motion was addressed and (ii) without stating specifically the reasons the causes of action had no basis in law, no basis in fact, or both. We affirm the judgment of the trial court.

# I. BACKGROUND

On January 2, 2020, Okere sued DART, alleging DART bus drivers and train operators (i) made sexually harassing comments to him, including "saying that his penis is small"; (ii) stalked him; (iii) annoyed and embarrassed him in "the form of obscene comments about [his] and other passenger's genitals"; (iv) spread information about his education, relatives, friends, employment, and legal proceedings; and (v) implied death threats against him. Okere alleged DART bus drivers and train operators made these communications "by using their vehicles and train bells to communicate" through "nonverbal communication . . . using only the sounds of syllables to send and receive messages without using pure, verbal speech." In his prayer, Okere asserted he has "every day, for more than a year had to deal with harassment [and] the invasion of his privacy by [DART]." Okere enumerated four causes of action: (i) intentional infliction of emotional distress; (ii) disclosure of private facts; (iii) disorderly conduct; and (iv) negligence, by failing to protect him and other passengers from unwanted annoyances of DART bus drivers and train operators.

On January 30, 2020, DART answered, asserting special exceptions including governmental immunity, lack of subject-matter jurisdiction, and failure to state a claim for which relief may be granted. On March 5, 2020, DART filed its motion to dismiss under Texas Rule of Civil Procedure 91a—relying upon the Texas Tort

–2–

Claims Act. On March 30, 2020, Okere responded to the motion to dismiss but attached no evidence. In his response, Okere reasserted that he was:

> subjected to lewd, harassing, and invasive conduct perpetrated by DART personnel . . . [in] the form of nonverbal comments . . . ; unwanted, [nonverbal] comments . . . ; as well as other unwanted comments, gestures, innuendos and noises.
> . . . .
> [E]mployees of DART have carried out these abuses under the auspices that the method of communication and excessive noises used to carry out these abuses could not be proven. . . . it is nonverbal in nature, and uses only the syllables of words and phrases to relay messages to a receiving party.

The trial court heard the motion to dismiss on April 3, 2020. During the hearing Okere "agree[d] with [DART] that [the trial court] doesn't have jurisdiction over criminal matters." On April 3, 2020, the trial court granted DART's motion as follows:

> IT IS FURTHER ORDERED that all claims and causes of action against Dallas Area Rapid Transit in this case are hereby dismissed with prejudice.

This appeal followed.

## II.   ISSUES RAISED

Okere raises two issues to our Court:

> 1.     Did the trial court err in granting DART's Rule 91a motion to dismiss without DART identifying which cause of action it was addressed to and without stating specifically the reason the cause of action had no basis in law or fact, or both?
> 2.     Did the trial court err in granting Appellee/Defendant DART's Rule 91a motion to dismiss Okere's claims as baseless causes of action?

–3–

### III. STANDARD OF REVIEW

Under Texas Rule of Civil Procedure 91a, "a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact." TEX. R. CIV. P. 91a.1. Dismissal is appropriate under rule 91a if the allegations made in the petition, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought or no reasonable person could believe the facts pleaded. *See id.* When considering a motion to dismiss, the court "must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59" of the rules of civil procedure. TEX. R. CIV. P. 91a.6. We review the merits of a motion to dismiss pursuant to rule 91a *de novo* because the availability of a remedy under the facts alleged is a question of law. *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016).

### IV. GOVERNMENTAL IMMUNITY

DART is a governmental unit. *See*, *e.g.*, *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). A unit of state government is immune from suit and liability unless the state consents. *Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex. 1999). Governmental immunity from suit defeats a court's subject matter jurisdiction. *Id.* In a suit against a governmental unit, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity. *See Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001); *Tex. Ass'n of*

*Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). The record shows plaintiff pled no waiver as to DART's governmental immunity.

Although governmental units typically raise their immunity through a plea to the jurisdiction, in *City of Dallas v. Sanchez* the Texas Supreme Court explained:

> The dismissal grounds under Rule 91a have been analogized to a plea to the jurisdiction, which requires a court to determine whether the pleadings allege facts demonstrating jurisdiction. *See Wooley,* 447 S.W.3d at 75. In this case, the analogy is particularly apt because the City's Rule 91a motion challenges the trial court's subject-matter jurisdiction on the pleaded facts.

494 S.W.3d at 724–25. Here, as in *Sanchez*, DART has sought to challenge the trial court's subject matter jurisdiction pursuant to the Texas Tort Claims Act, and there is no challenge to the vehicle through which DART has sought to challenge subject matter jurisdiction. *Id.*; *see Dallas County Republican Party v. Dallas County Democratic Party*, No. 05-18-00916-CV, 2019 WL 4010776, at *4 (Tex. App.—Dallas Aug. 26, 2019, pet. denied).[1]

---

[1] Our Court previously discussed the bounds of *Sanchez's* reach in *Dallas County Republican Party v. Dallas County Democratic Party*:

> No Texas case to date has held that a dismissal for lack of subject matter jurisdiction arises under rule 91a for purposes of its mandatory fee shifting provision. Appellees nevertheless urge that the Texas Supreme Court, through *Sanchez*, has grafted jurisdiction into rule 91a's reach, rendering every jurisdictional case a rule 91a case and allowing for the recovery of attorney's fees. In *Sanchez* the Texas Supreme Court recognized that the dismissal grounds under rule 91a have been analogized to a plea to the jurisdiction. *Sanchez*, 494 S.W.3d at 724. The court acknowledged that the rule 91a motion in that case challenged the court's subject-matter jurisdiction on the pleaded facts. *Id.* at 725. However, the court did not find rule 91a to be the vehicle through which a challenge to subject-matter jurisdiction would arise, because the city did not challenge the vehicle through which Sanchez sought dismissal. Instead, the court analogized the plea to jurisdiction procedures and addressed the merits of the jurisdiction issue through the Texas Tort Claims Act, which makes the jurisdiction and liability analysis

# V.  ANALYSIS

We address Okere's issues jointly. Okere argues the trial court erred in granting DART's motion to dismiss—alleging DART (i) failed to identify the causes of action it sought to dismiss and (ii) failed to state the reason as to why the causes of action had no basis in law or fact. DART responds, and the clerk's record of DART's motion to dismiss shows, that it (i) identified each cause of action Okere pled and (ii) provided reasons as to why each cause of action had no basis in law or fact.

Intentional infliction of emotional distress[2] and public disclosure of private facts[3] are both intentional torts. *See generally Kroger Tex. Ltd. P'ship v. Suberu*, 216

---

coterminous. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004) ("[t]he Tort Claims Act creates a unique statutory scheme in which the ... immunities to suit and liability are co-extensive"). Borrowing a standard or applying it as an analogy obviously does not convert the basis on which the motion arises. *Schronk v. City of Burleson*, 387 S.W.3d 692 (Tex. App.—Waco 2009, pet. denied) (accepting analogy between plea to jurisdiction and summary judgment standards but rejecting consequent borrowing of procedures as a result).

*Dallas County Republican Party v. Dallas County Democratic Party*, 05-18-00916-CV, 2019 WL 4010776, at *4 (Tex. App.—Dallas Aug. 26, 2019, pet. denied).

[2] The elements of intentional infliction of emotional distress are:

(1) Kroger acted intentionally or recklessly; (2) its conduct was extreme and outrageous; (3) its actions caused her emotional distress; and (4) the emotional distress was severe.

*Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 796 (Tex. 2006).

[3] The elements of public disclosure of private facts are:

(1) publicity was given to matters concerning one's personal life, (2) publication would be highly offensive to a reasonable person of ordinary sensibilities, and (3) the matter publicized is not of legitimate public concern.

*Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 474 (Tex. 1995) (recognizing the public disclosure of private facts cause of action as an "invasion of privacy" tort). Invasion of privacy is an intentional tort. *Billings v. Atkinson*, 489 S.W.2d 858, 860–61 (Tex. 1973).

S.W.3d 788, 796 (Tex. 2006); *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 474 (Tex. 1995); *Billings v. Atkinson*, 489 S.W.2d 858, 860–61 (Tex. 1973). DART's governmental immunity is not waived for either of these intentional torts. *Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001) (recognizing that "intentional rather than negligent acts . . . do not fall within the waiver of sovereign immunity"). Thus, as to Okere's causes of action for intentional infliction of emotional distress and public disclosure of private facts, we conclude Okere has no basis in law to proceed with his (i) intentional infliction of emotional distress and (ii) public disclosure of private facts claims against DART. *Id.*

"A governmental unit in the state is liable for: property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment . . . . and personal injury and death so caused by a condition or use of tangible personal or real property[.]" TEX. CIV. PRAC. & REM. CODE ANN. § 101.021. Regarding Okere's negligence claim, his pleading does not state that he sustained any property damage, personal injury, or death. Indeed, although he pleads that he suffered "annoyances," "harassment," and "invasion of his privacy," Okere fails to plead an injury that falls under the waiver of governmental immunity within the Texas Tort Claims Act. *See* CIV. PRAC. & REM. § 101.021. Furthermore, to the extent that Okere's negligence claim was a claim that DART police officers failed to provide protection for him from unwanted annoyances from bus and train operators, the Texas Tort Claims Act

"also preserves sovereign immunity against claims arising out of the failure to provide, or the method of providing, police or fire protection." *Stein v. City of Plano*, No. 05-98-00362-CV, 2000 WL 1230674, at *4 (Tex. App.—Dallas Aug. 31, 2000, pet. denied) (citing CIV. PRAC. & REM. § 101.055(3).[4] "Police only owe a duty to enforce the criminal law to the public at large and do not owe a duty to an individual injured as a result of a crime." *Id.* at *5. Thus, as to Okere's negligence claim, we conclude Okere has no basis in law to proceed with his negligence claim against DART.

Regarding Okere's disorderly conduct claim against DART, Okere concedes in his briefing that it is not a civil cause of action but "was wrongly included in the original petition of this civil action." *See* TEX. PENAL CODE ANN. § 42.01 (enumerating the elements of the offense of disorderly conduct). As discussed above, Okere also acknowledged during the hearing on DART's motion that the trial court lacked jurisdiction over criminal matters. *See* TEX. GOV'T CODE ANN. § 24.007 ("A district court has original jurisdiction of a civil matter in which the amount in controversy is more than $500, exclusive of interest."). We agree with appellant and conclude Okere has no basis in law to proceed with his disorderly conduct criminal complaint against DART before the trial court.

---

[4] Texas Civil Practice and Remedies Code § 101.055(3) provides: "This chapter does not apply to a claim arising . . . (3) from the failure to provide or the method of providing police or fire protection." CIV. PRAC. & REM. § 101.055(3).

Here, the record shows DART timely filed its motion to dismiss pursuant to rule 91a and identified reasons for dismissal for each of Okere's causes of action. As we have concluded that each of Okere's causes of action have no basis in law, we must conclude the trial court did not err in granting DART's motion to dismiss. We overrule both of Okere's issues.

## VI.   CONCLUSION

Having overruled both of Okere's issues, we affirm the judgment of the trial court.

/Bill Pedersen, III//

200489f.p05

BILL PEDERSEN, III
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KELECHI OKERE, Appellant

No. 05-20-00489-CV     V.

DALLAS AREA RAPID TRANSIT,
Appellee

On Appeal from the 160th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-00044.
Opinion delivered by Justice
Pedersen, III. Justices Osborne and
Reichek participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee DALLAS AREA RAPID TRANSIT recover its costs of this appeal from appellant KELECHI OKERE.

Judgment entered this 18th day of February, 2022.