Lloyd BILLINGS, Petitioner,

v.

Norman E. ATKINSON, Respondent.

No. B–3043.

Supreme Court of Texas.

Jan. 24, 1973.

Ronald G. Byrnes, Houston, and Jack M. Finley, Gladewater, for petitioner.

Norman E. Atkinson, pro se.

DENTON, Justice.

This is an action for actual and exemplary damages for the alleged tapping of the telephone wire running into petitioner's home. The suit was instituted by Lloyd Billings, petitioner, against Norman E. Atkinson and his former employer, Southwestern Bell Telephone Company. At the close of the plaintiff's evidence in a trial before a jury, the trial court granted the telephone company's motion to withdraw the case from the jury and render judgment in its favor. Thereafter, the cause was submitted upon special issues as to Atkinson alone, which resulted in a verdict for Billings. The trial court granted Atkinson's motion for judgment non obstante veredicto. The court of civil appeals affirmed. 471 S.W.2d 908. No complaint is made here of the affirmance of the trial court's judgment in favor of the telephone company; therefore, the question of liability of the telephone company is not before us. We reverse and render that part of

the judgment of the court of civil appeals which affirmed the trial court's judgment as to respondent Atkinson.

On the morning of June 7, 1967, petitioner's wife was talking to a neighbor over her telephone when a "popping noise" developed in the line. They terminated the conversation and Mrs. Billings walked through her backyard toward her neighbor's home, when she observed a telephone workman working at a terminal box on the telephone pole behind her house. Mrs. Billings testified the repairman said he was sorry about the noise that he had made on the line. Later that same day Billings called his wife at home by telephone and they experienced the same loud "popping" noise that made it difficult to carry on their conversation. Billings reported the telephone to be out of order. The next day another telephone repairman came to repair the line and discovered a wire tap device attached to the petitioner's line. The device was removed and the line was clear of noise. Ten days later petitioner's wife again observed a telephone repairman on the pole behind their home. She identified him as the same man she had seen on the pole the first time. She observed him as he looked into the terminal box and quickly departed. Mrs. Billings furnished the telephone company with the license number on the truck the repairman was driving. He was positively identified as Norman E. Atkinson, respondent. Shortly thereafter, he was discharged by the telephone company. The record shows that the device found by the telephone company in the terminal box would transmit conversations over a standard FM radio if connected to a telephone line.

The jury found that Atkinson attached a wire tap device to Billings' telephone on about June 7, 1967; that Billings suffered more than nominal damages; that Atkinson's act was done with the intention to deprive Billings of the private use of his residence telephone; that Atkinson should have reasonably anticipated that the act of placing the device on the telephone line would result in damages to Billings; that Billings suffered mental anguish as a result of the device being attached to his telephone line; that Atkinson's act was a proximate cause of Billings' mental anguish; that Billings suffered mental anguish in the amount of $10,000 and awarded $15,000 as exemplary damages. The trial court granted respondent Atkinson's motion for judgment non obstante veredicto.

The principal question presented is whether an action may be maintained for an invasion of the right of privacy. The court of civil appeals denied petitioner recovery on the ground Texas had adopted the common law as it existed in 1840 unless changed or added to or repealed by statute, and that since no right of privacy existed at common law nor had it been added by statute, there could be no recovery upon such a theory. In support of this holding, the court relied principally on Milner v. Red River Valley Pub. Co., 249 S. W.2d 227 (Tex.Civ.App. no writ).

■ The right of privacy has been defined as the right of an individual to be left alone, to live a life of seclusion, to be free from unwarranted publicity. 77 C.J.S. Right of Privacy § 1. A judicially approved definition of the right of privacy is that it is the right to be free from the unwarranted appropriation or exploitation of one's personality, the publicizing of one's private affairs with which the public has no legitimate concern, or the wrongful intrusion into one's private activities in such manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities. 62 Am.Jur.2d, Privacy § 1, p. 677, and cases cited.

The courts had not prior to 1890 granted relief expressly for invasion of right of privacy although a right "to be let alone" had been recognized "on the basis of defamation, or the invasion of some property right, or a breach of confidence or an implied contract." Prosser, Privacy, 48 Cal. L.Rev. 383. It was not until the publica-

tion in 1890 of an article by Samuel D. Warren and Louis D. Brandeis in 4 Harv. Law Rev. 193 that the term the "right of privacy" was introduced and defined as a legal concept. The authors after thorough discussion of the question concluded that there is a common law right of privacy which had in some instances been protected under the guise of property rights, and that violation of the right itself is actionable. The right of privacy is generally recognized and a preponderance of authority supports the conclusion that, independently of the common law rights of property, contract, reputation and physical integrity, the right exists and an invasion of the right gives rise to a cause of action. The numerous decisions supporting these propositions are cited in the following annotations: 138 A.L.R. 22, 168 A.L.R. 446, 14 A.L.R.2d 750 and 11 A.L.R.3d 1296.

Although the law of this State had not recognized a cause of action of a breach of the right of privacy, as such, the court in Milner v. Red River Pub. Co., supra, did recognize that some of the right of privacy interests have been afforded protection under such traditional theories as libel and slander, wrongful search and seizure, eavesdropping and wiretapping, and other similar invasions into the private business and personal affairs of an individual.

Eavesdropping was an indictable offense at common law; eavesdroppers being defined to be "such as listen under walls or windows or eaves of houses to harken after the disclosure and thereupon proclaim slanderous and mischievous tales", 8 Ruling Case Law, § 378, p. 346. In Berger v. New York, 388 U.S. 41, 45, 87 S.Ct. 1873, 1876, 18 L.Ed.2d 1040, Mr. Justice Clark said: "Eavesdropping is an ancient practice which at common law was condemned as a nuisance. 4 Blackstone, Commentaries 168. At one time the eavesdropper listened by naked ear under the eaves of houses or their windows, or beyond their walls seeking out private discourse." Mr. Justice Black in a dissenting opinion in Katz v. United States, 389 U.S. 347, 366,

88 S.Ct. 507, 519, 19 L.Ed.2d 576 said: "Tapping telephone wires, of course, was an unknown possibility at the time the Fourth Amendment was adopted. But eavesdropping (and wiretapping is nothing more than eavesdropping by telephone) was, as even the majority opinion in Berger, supra, recognized, 'an ancient practice which at common law was condemned as a nuisance.' "

Arguments in support of the right of privacy are summarized in 62 American Jur.2d, Privacy, § 4, p. 683, "One of the principal arguments advanced in support of the doctrine of privacy by its orginal exponents is that the increased complexity and intensity of modern civilization and the development of man's spiritual sensibilities have rendered man more sensitive to publicity and have increased his need of privacy, while the great technological improvements in the means of communication have more and more subjected the intimacies of his private life to exploitation by those who pander to commercialism and to prurient and idle curiosity. A legally enforceable right of privacy is deemed to be a proper protection against this type of encroachment upon the personality of the individual."

Restatement of Torts, § 867, recognized the existence of the right of privacy: "A person who unreasonably and seriously interferes with another's interest in not having his affairs known to others or his likeness exhibited to the public is liable to the other."

■ Measured by these considerations, we follow the rule that an unwarranted invasion of the right of privacy constitutes a legal injury for which a remedy will be granted.

■ In an alternative holding, the court of civil appeals denied petitioner's recovery of damages for mental suffering in the absence of resulting physical injury, citing Harned v. E-Z Finance Co., 151 Tex. 641, 254 S.W.2d 81, and Fisher v. Carrousel

Motor Motel, Inc., 424 S.W.2d 627 (Tex. 1967). These cases do not support the court of civil appeals holding in view of our present holding that the invasion of privacy is a willful tort which constitutes a legal injury. Damages for mental suffering are recoverable without the necessity of showing actual physical injury in a case of willful invasion of the right of privacy because the injury is essentially mental and subjective, not actual harm done to the plaintiff's body. Olan Mills, Inc. of Texas v. Dodd, 234 Ark. 495, 353 S.W.2d 22 (1962); Hinish v. Meier & Frank Co., 166 Or. 482, 113 P.2d 438; Fairfield v. American Photocopy Equipment Co., 138 Cal. App.2d 82, 291 P.2d 194; Prosser, Torts 4th Ed., Right of Privacy, § 117. The right of privacy is a right distinctive in itself and not incidental to some other recognized right for breach of which an action for damages will lie. A violation of the right is a tort.

Petitioner next contends the trial court erroneously disregarded certain jury findings because such findings were supported by the evidence. The trial court granted the judgment non obstante veredicto, not because the jury findings were not supported by the evidence, but because petitioner's cause of action was for invasion of privacy, that wire tapping is an invasion of privacy and no cause of action can be maintained in the courts of this State for an invasion of privacy. As noted, we are of the view this was erroneous.

Where on appeal the appellate court determines that a judgment non obstante veredicto was erroneously entered, such court will reverse the judgment of the trial court and enter judgment in harmony with the verdict, unless the appellee presents by cross-points grounds sufficient to vitiate the jury's verdict or to prevent an affirmance of the judgment had one been entered on the verdict. Jackson v. Ewton, 411 S.W.2d 715 (Tex.1967); Crow v. City of San Antonio, 157 Tex. 250, 301 S.W.2d 628 (1957); Le Master v. Fort Worth Transit Co., 138 Tex. 512, 160 S.

W.2d 224 (1942), Rule 324 Texas Rules of Civil Procedure.

Atkinson, defendant below, and appellee in the court of civil appeals, filed no cross-points presenting prejudicial error committed against him upon the trial of the case; therefore, we render judgment upon the jury verdict.

Judgments of both courts below are reversed and judgment is here rendered that the plaintiff, Lloyd Billings, recover of and from Norman E. Atkinson damages in the sum of $10,000 plus $15,000 exemplary damages, as found by the jury.