

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

April 29, 1974

The Honorable Dolph Briscoe
Governor of Texas
State Capitol
Austin, Texas   78711

Opinion No. H- 287

Re: Validity of interagency index of welfare recipients.

Dear Governor Briscoe:

Your opinion request concerns a proposal by the interagency Health and Human Resources Council, appointed by you pursuant to Art. 4413 (32a) V. T. C. S. , to develop a computerized interagency welfare recipient index of welfare recipients which would contain:

> "(1) Data sufficient for accurate identification of individual recipients, e. g. , name, social security number, sex, race, date of birth; (2) agency program(s) under which a person receives services; and (3) date(s) of application, eligibility certification, medical examination, and closure where applicable. "

You have advised us that potential but not definitely committed participants in the index would be:

(1) Texas Rehabilitation Commission
(2) Commission on Alcoholism
(3) Commission for the Blind
(4) Department of Public Welfare
(5) Department of Health
(6) Department of Mental Health and Mental Retardation
(7) Texas Central Education Agency
(8) Texas Employment Commission (TEC)
(9) University of Texas System
(10) Coordinating Board of Texas Colleges and University System

You advise that an index such as that proposed will benefit recipients in that:

> "Under present conditions, the individual person who is served by more than one agency must complete multiple application forms, answer duplicative questions, and often submit to several medical examinations and/or financial eligibility studies, i. e. , he must be routed through a separate application and case processing procedure within each agency. "

You further advise that the index will benefit state agencies because at the present:

> "there is currently no satisfactory mechanism to inform an agency serving a particular person that this same person is being served or has been served by one or more other State agencies. "

Moreover, the index will enable services to be provided "more quickly and efficiently. "

Despite these benefits you are "concerned about the issue of privacy in the exchange of personal data among State agencies utilizing this index. " You advise that privacy safeguards will be provided as follows:

> (1) A person must give his consent to the exchange of this information in the form of a signed agreement or the information can not be placed on the computer index.  Failure to consent will impose no penalty on a recipient.

> (2) There will be a means whereby an individual can find out what information about him is in  the record and to which agencies the information has been released.

> (3) An individual will be entitled to correct or amend a record about him and to expunge incorrect information.

(4) Agencies with authority to use the information
will be prohibited from disclosing it to persons or
organizations that lack such authority.

You have asked us to comment upon the adequacy of the safeguards.
We believe that they would be sufficient.   However, although we would
not discourage your use of waivers, you should understand that a waiver
would be effective only if given with full knowledge and understanding and
completely without coercion of any kind or character.   Barker v. Wingo,
407 U. S.  514 (1972); Fuentes v. Shevin, 407 U. S.  67 (1972).

Your primary question is:

"whether maintenance  of this inter-agency
Recipient Index would be in violation of any State
or Federal statutory or constitutional provision. "

We have discussed and analyzed the right of privacy in prior opinions.
See Attorney General H-90 (1973) and H-242 (1974).  As to the basis for the
right of privacy in Texas see Billings v. Atkinson, 489 S. W.  2d 858 (Tex.
1973).

We do not believe that your proposal violates the common law or
constitutional right of privacy of welfare recipients.   We base this opinion
primarily upon two factors; first, the limited nature of the information
to be supplied the computer and second, the f act that the information is
confined to State agencies and is not released to the public generally.

In Attorney General Opinion H-242 (1974) we observed:

"Our office has previously recognized the need
to maintain an unrestricted flow of information between
state agencies.  See Attorney General Opinion M-713
(1970).   The Open Records Act,  Article 6252-17a,  V. T. C. S,
does not undercut that policy.  Information which is not
required to be disclosed to the public under the Act can
still be transferred between State agencies without

> violating its confidentiality or destroying its
> confidential character. "

We have examined many of the statutes relative to the records
of the agencies in question.  See, for example, Texas Education Code,
§ 30. 47; 45 C. F. R.  § 401. 39 (Texas Rehabilitation Commission); Art.
5561c,  V. T. C. S. ; § 333 (Commission on Alcoholism); Art.  3207c § 11,
42 U. S. C.  § 1202 (Commission for the Blind); Art.  695c § 33,  V. T. C. S. ,
Art.  695j-1,  § 10,  V. T. C. S. ,  42 U. S. C.  § 1396a (Department of Public
Welfare); Art.  4447d,  V. T. C. S. and Art.  4445c § 4,  V. T. C. S.  (De-
partment of Health); Art.  5547 § 87,  V. T. C. S.  (Department of Mental
Health  and Mental Retardation).

Many of these statutes make information concerning welfare re-
cipients "confidential, " but we do not believe that interagency exchange
of the basic information contemplated by your index violates confidentiality.
On many occasions the Legislature has expressed a policy favoring inter-
agency cooperation of this kind and we do not believe that the Legislature
intended to limit such cooperation by an unduly restrictive interpretation
of the word "confidential. "  See Art.  4413 (32a),  V. T. C. S. ; Vernon's
Texas Education Code § 30. 42; Art.  695c,  § § 4 (5) (8),  V. T. C. S.  To the
same effect see 45 C. F. R.  § 51. 4 (d) dealing with Social Security Act-
related State program requirements.

We are concerned about situations in which the mere identity of
an individual would necessarily reveal confidential facts, an example,
mentioned in your opinion request being, the venereal disease records
of the Texas State Health Department.  Art.  4445c, Sec. 4,  V. T. C. S. ,
indicates that such information "shall not be opened for inspection by
anyone except authorized public health personnel, " and appears to
confine facts regarding these patients to such personnel. Accordingly
we do not believe that the identity of recipients of this particular
program of the State Health Department treatment should be included
in the index.  Where their mere identity would not reveal confidential
facts concerning their health, recipients of other treatments by the
State Health Department could be included in the index.

Undoubtedly, among the various agencies proposed as participants, there are other records which, for reasons of privacy and confidentiality, ought not be included in the index.  Each agency will have to examine its basic statutes and the records it maintains in the light of the privacy laws as they may exist from time to time to determine what persons may not be included in the index lest their mere inclusion disclose   facts made private and confidential.

### SUMMARY

Under most circumstances submission by State Welfare agencies of basic information concerning the identity of recipients to a centralized computer index does not violate any Federal or State common law statutory or constitutional right of privilege.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee