

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

June 12, 1975

The Honorable Henry Rothell
Administrator
Texas Employment Commission
Austin, Texas

Opinion No. H- 626

Re: Availability of unemploy-
ment compensation records.

Dear Mr. Rothell:

You have requested our opinion regarding the availability of unem-
ployment compensation records. Specifically, you inquire whether you
should disclose to (a) a member of the general public; (b) the employing unit;
and, (c) the claimant any of the following records:

> (1) initial claim form and written statement of
> claimant;
> (2) employer's written or oral protest to the
> initial claim;
> (3) investigation report regarding claimant's
> eligibility for benefits;
> (4) weekly claim forms filed by claimant;
> (5) written determinations of the Commission;
> (6) written appeal statements of claimant;
> (7) written appeal statements of employer; and
> (8) written decisions of the Commission in regard
> to appeals.

The Open Records Act, article 6252-17a, V. T. C. S., declares to be
public, with certain specified exceptions, "all information collected, assembled,
or maintained by governmental bodies pursuant to law or ordinance or in
connection with the transaction of official business." Section 3(a)(1) of the Act
excepts "information deemed confidential by law, either Constitutional, statu-
tory, or by judicial decision." Article 5221b-9, V. T. C. S., provides:

> (e)  Records and Reports:  Each employing unit
> shall keep true and accurate employment records,
> containing such information as the Commissioner
> may prescribe and which is deemed necessary to
> the proper administration of this Act.  Such records
> shall be open to inspection and subject to being copied
> by the Commission or its authorized representatives
> at any reasonable time and as often as may be necessary.
> The Commission may require from any employing unit
> any sworn or unsworn reports, with respect to persons
> employed by it, which the Commission deems necessary
> for the effective administration of this Act.  Information
> thus obtained or otherwise secured shall not be published
> or be open to public inspection (other than to public
> employees in the performance of their public duties)
> except as the Commission may deem necessary for the
> proper administration of this Act.  Any employee or
> member of the Commission who violates any provision
> of this subsection shall be fined not less than Twenty
> Dollars ($20), nor more than Two Hundred Dollars ($200),
> or imprisoned for not longer than ninety (90) days,  or both.
> (Emphasis added.)

We believe that the confidentiality provisions of article 5221b-9(e) except from disclosure to the general public all of the listed records except items 5 and 8, as "information thus obtained or otherwise secured." In our opinion, "information. . .otherwise secured" is sufficiently broad to embrace records pertaining to investigations by the Commission, as well as records obtained from either the claimant or the employing unit.  It would appear that written determinations of the Commission, and written decisions of the Commission in regard to appeals should not be deemed "information. . .otherwise secured," and, as to such records, we believe that the Act requires their disclosure to members of the public generally.

Some of this information, especially that related to the reasons for the claimant's discharge, may constitute "private information of a highly objectionable kind," which we held to be excepted from disclosure in Open Records Decision No. 2 (1973).  See also Billings v. Atkinson, 489 S. W. 2d 858 (Tex. Sup. 1973).  We cannot say, without examining the contents of a

particular file, that certain information contained therein falls within this kind of privacy exception. However, we believe that the strong possibility that it may do so, coupled with the confidentiality provisions of article 5221b-9(e), precludes the release to the general public of all of the listed records except items 5 and 8. Cf. Attorney General Opinion No. H-404 (1974).

As to the availability of these records to the employing unit and to the claimant, we believe that a different result may be required. In Attorney General Opinion No. H-249 (1974), we held that a client of the State Department of Public Welfare is in general entitled to access to information in his own file used in making a determination about him. The Opinion first quoted the United States Supreme Court's decision in Greene v. McElroy, 360 U.S. 474 (1959), in which Chief Justice Warren declared:

> Certain principles have remained relatively immutable in our jurisprudence. One of these is that where governmental action seriously injures an individual, and the reasonableness of the action depends on factfindings, the evidence used to prove the Government's case must be disclosed to the individual so that he has an opportunity to show that it is untrue. 360 U.S. at 496. (Emphasis added.)

The Opinion then concluded:

> . . . to the extent a decision denying or awarding benefits or other rights to a welfare client is based on information in his file, he is entitled to review all information entering into the decision, whether it is purely factual or not. H-249 at 1161.

We believe that similar reasoning may be applied to require that both claimant and employing unit be granted access to each of the eight types of records about which you inquire when the record is used in the making of a determination concerning that individual or employer. Certain information is expressly made disclosable to the parties by the Unemployment Act: notice of the Commission's determination and copies of the Commission's findings and decisions on appeal. V. T. C. S. art. 5221b-4(c) and (e). It is our opinion that the courts probably would require the disclosure to the parties of all the listed information.

## SUMMARY

Unemployment compensation records are in general available under the Open Records Act to the employing unit and to the claimant. Except for written determinations of the Commission, and written decisions of the Commission in regard to appeals, they are not available to members of the general public.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb