**J. O. DARTEZ, Individually and next friend of Richard Dartez, Appellant.**

**v.**

**J. F. GADBOIS, Individually and next friend of Glen Gadbois et al., Appellees.**

**No. 16697.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Aug. 26, 1976.

Kells & Kern, Robert J. Kern, Houston, for appellant.

Les Cochran, Houston, Hicks, Hirsch, Glover & Cochran, Houston, of counsel, for appellees.

COLEMAN, Chief Justice.

This is an appeal from a take nothing judgment entered in a suit seeking damages by reason of personal injuries suffered in an accident. The judgment is based on a jury verdict finding the minor plaintiff contributorily negligent. It will be affirmed.

By an amended petition J. O. Dartez, the father of Richard Dartez, sued Southside Place Park Association, Inc., the owner of a swimming pool, alleging that Richard Dartez suffered injury while swimming in the Association's pool, and that certain acts of negligence on the part of the Park Association were proximate causes of the injuries suffered. Mr. Dartez also alleged that by reason of the injuries suffered by his son he was required to pay certain medical bills. He prayed for damages on behalf of his son for the injuries suffered as well as for the expense sustained individually. The Park Association filed an answer which included allegations of contributory negligence on the part of Richard Dartez. The Park Association also filed a third party petition complaining of Glen Gadbois alleging that the injury to Richard Dartez was proximately caused by negligent acts of Glen, and sought indemnity or in the alternative contribution.

At the conclusion of the trial the court submitted the case to the jury on special issues. The first special issue reads:

"Whose negligence, if any, do you find from a preponderance of the evidence proximately caused the accident in question?

"(a) The Defendant, Southside Place Park Association, Inc.

"(b) The Plaintiff, Richard Dartez.

"(c) The Third-Party Defendant, Glen Gadbois.

"(d) A combination of the above. (State the combination)."

The jury chose answer (d) with the combination being (a), (b) and (c).

The plaintiff objected to this special issue on the ground that it failed to differentiate between the two different causes of action, that is, plaintiff's suit against the Park Association and the Park Association's suit against Glen Gadbois. Another objection to special issue no. 1 reads:

"For the reason that same special issue unites the questions as to the acts of negligence of the three parties without differentiating between the proximate cause of the three parties."

Plaintiff also objected to the special issue no. 1 for the reason that it included inquir-

ies as to negligence and proximate cause of the third-party defendant Glen Gadbois on the ground that the evidence showed his conduct to have been intentional acts and there was no testimony raising an issue of negligence on the part of Glen in throwing the berry which struck Richard.

In his motion for new trial the plaintiff complains that special issue no. 1 combines negligence and proximate cause in a single inquiry; that the issue constitutes a comment on the weight of the evidence; that the issue is not supported by the pleadings and evidence, and that the issue is framed as to improperly place the burden of proof.

■ A party objecting to a charge must point out distinctly the matter to which he objects and the grounds of his objection to the trial court. The failure to so object constitutes a waiver of the objection. Rule 274, Texas Rules of Civil Procedure; *Monsanto Co. v. Milam,* 494 S.W.2d 534 (Tex. 1973); *Texas Employers' Insurance Association v. Neuman,* 379 S.W.2d 295 (Tex.1964).

■ In this court plaintiff has attacked special issue no. 1 on the ground that the issue did not conform to the pleadings and evidence as to "the character of the third-party defendant's acts and their relationship to the injury." It would be a rare case where the plaintiff would be concerned with the form of an issue seeking to establish facts at issue between the defendant and a third-party defendant. The only materiality of an issue concerning the conduct of Glen lies in its effect on the legal right of the Park Association to recover over against Glen. An intentional act may nevertheless constitute negligence on the part of the actor. The Park Association alleged that Glen's actions on the occasion in question were negligent and a proximate cause of the injury. It was entitled to an issue to determine whether Glen's actions on the occasion in question were negligent.

■ The plaintiff next alleges that special issue no. 1 improperly placed the burden of proof in the cross-action on plaintiff. Since the plaintiff failed to make this objection to the charge prior to its submission to the jury the objection is waived.

■ Finally, this issue is attacked on the ground that it improperly combined issues on negligence and proximate cause in a single inquiry. This objection was not clearly called to the attention of the trial court in the plaintiff's objections to the charge, and for that reason is waived. The objection made was that special issue no. 1 failed "to differentiate the separateness of the two causes of action" in that the special issue "unites the questions as to the acts of negligence of the three parties without differentiating between the proximate cause of the three parties." This does not clearly present the question of whether it is improper in a single issue to combine inquiries as to negligence and proximate cause. *Osteen v. Crumpton,* 519 S.W.2d 263 (Tex.Civ. App.—Dallas 1975, writ ref'd). Long prior to the adoption of Rule 277, supra, the Supreme Court of Texas stated that the trial court has considerable discretion in determining the form of submission of an issue and held that a submission although subject to objection would not constitute reversible error unless the manner of submission was calculated to operate to the prejudice of the parties and has so operated. *Traders & General Ins. Co. v. Jenkins,* 135 Tex. 232, 141 S.W.2d 312 (1940). Rule 277, supra, authorizes the submission of a question which includes a combination of elements or issues. It has been held that there is no error in submitting, in one issue, the two elements proximate cause and damages, of plaintiff's cause of action. *San Antonio River Authority v. Garrett Bros.,* 528 S.W.2d 266 (Tex.Civ.App.—San Antonio 1975, writ ref'd n.r.e.).

■ The question whether the combination in one question of issues on negligence and proximate cause is in and of itself error was not before this court in *Members Mutual Ins. Co. v. Muckelroy,* 523 S.W.2d 77 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.). The claimed error has not been preserved for consideration in this case. We do not hold that special issue no. 1 is a proper submission of the issues raised by the evidence in this case. We do not

pass on the question of whether the question as worded requires a finding of negligence based on a preponderance of the evidence. The wording of the charge might be construed as only requiring a finding of proximate cause from a preponderance of the evidence. Neither do we pass on the question of whether the issue constitutes a comment on the weight of the evidence. While it begins "Whose negligence, if any" the jury is not permitted to find no negligence. Nor do we pass on the question of whether the form of the charge is calculated to confuse rather than aid the jury in resolving the questions presented by the evidence. See *Southern Pine Lumber Co. v. King*, 138 Tex. 473, 161 S.W.2d 483 (1942). We hold that under the facts of this case the claimed error was not one which was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. Rule 434, Texas Rules of Civil Procedure; *Texas Employers Ins. Ass'n v. McKay*, 146 Tex. 569, 210 S.W.2d 147 (1948).

The appellant contends that there is no evidence to support a finding that any act of the plaintiff Richard Dartez was a proximate cause of the accident in which he received his injury. The two essential elements of proximate cause are: cause in fact and foreseeability. *East Texas Theatres, Inc. v. Rutledge*, 453 S.W.2d 466 (Tex.1970).

The causal connection must be such that "but for the conduct the accident would not have happened." *Kerby v. Abilene Christian College*, 503 S.W.2d 526 (Tex. 1973). The foreseeability requirement is met if an actor could have reasonably anticipated that the accident or a similar one would occur as a natural and probable consequence of his act. *Enloe v. Barfield*, 422 S.W.2d 905 (Tex.1967). An act of negligence on the part of the plaintiff will bar recovery by him if it "sets in motion a natural and unbroken chain of events leading directly and proximately to a reasonably foreseeable result or injury." *Carter v. Harrison*, 447 S.W.2d 704 (Tex.Civ.App.— Fort Worth 1969, writ ref'd n.r.e.).

We must review the evidence in the light most favorable to the verdict, and in case of conflicting testimony reject that which does not support the verdict. *Texas & Pacific Ry. Co. v. McCleery*, 418 S.W.2d 494 (Tex.1967). There is evidence that while Richard was swimming in the defendant's pool Glen began throwing berries at him. Glen and Richard were acquaintances. When the incident began Glen was dressed in street clothes and was standing near the lifeguard. Richard retrieved some of the berries and threw them back at Glen. The activity continued for several minutes. Only one or two of the berries reached their mark. When the supply of available berries was exhausted, Glen left the fenced enclosure in which the pool was located for the purpose of securing more berries. He returned and again threw a berry which missed Richard. Richard swam over to retrieve the berry and was turning to throw it back at Glen when he was hit in the eye. Because of the injury thus received Richard's eye was subsequently removed surgically. The jury might reasonably have believed that the two boys voluntarily engaged in a dangerous activity and that a person of ordinary prudence in the exercise of ordinary care would not have engaged in such activity under the same or similar circumstances. The jury might reasonably have believed that Richard's voluntary participation in the activity was one of the reasons that Glen continued to throw the berries and that had he not joined in the game Glen would not have thrown the final berry which caused the injury. The berries were green and had sufficient weight to be thrown accurately. It could reasonably have been foreseen by a person of ordinary care that some injury would result to the participants. While Glen began the activity, Richard must have understood that if he "returned fire" Richard, having a superior position and greater mobility, would not be hit and that he, Richard, in all probability would be hit. There is some evidence of probative force to support the answer made by the jury to special issue no. 1.

The plaintiff submitted to the court in writing requested issues relating to spe-

cific acts of alleged negligence on the part of the Park Association, and complains that the trial court erred in refusing to submit these issues. Since the trial court submitted the question of the negligence of the Park Association generally, it was not error to refuse to submit issues relating to specific acts. *Mobil Chemical Company v. Bell,* 517 S.W.2d 245 (Tex.1974). The jury found the Park Association to be guilty of negligence and the refusal of the court to submit the issues in question could not be reversible error.

The plaintiff also contends that the court should have rendered judgment for him as a matter of law. He argues that the defendant's duty to supervise the activity at the pool was a higher duty than the plaintiff's duty to exercise ordinary care so that a finding that the defendant was negligent rendered immaterial the finding of contributory negligence. No authority is cited for this proposition, and we know of none which would support it. Ordinarily an owner of premises is liable to invitees for injuries caused by a dangerous condition on the property only if the invitee exercised due care for his own safety. Texas Jur.2d, Negligence, § 358. In support of this proposition the plaintiff also argues that he relied on an assurance by defendant that he would be protected against this type of activity in that they had promulgated rules prohibiting such activity. The authorities cited in support of this proposition have reference to the doctrine of assumption of risk. This question was not raised in the trial of this case and the judgment is not based on any finding of assumption of risk. The point of error cannot be sustained.

The trial court submitted issues in proper form on the question of "discovered peril." The plaintiff failed to secure favorable findings on the issues submitted. He now contends that there was no evidence to support the findings made by the jury. There is support in the evidence for these findings. The testimony of the lifeguard supports the action of the jury in failing to find that the lifeguards actually realized that Richard was in a position of peril from which he probably would not extricate himself. There is evidence that when Glen returned to the pool area after gathering additional berries a lifeguard warned both parties not to throw berries and both parties heard the warning. The lifeguard was on an elevated stand at the time and there is evidence that after giving the warning he began to dismount for the purpose of preventing further throwing of berries. There is also evidence that all of these actions took place within a five to eight second span from the time Glen came back into the pool area. This supports the jury's answer that after the lifeguard discovered that Glen was in a position of danger and probably would not extricate himself the lifeguard did not fail to use the means available to him with ordinary care to avoid the occurrence. The issue set out the five elements required to be established and instructed the jury to answer "We do" if it found that every part of the question had been established by a preponderance of the evidence, otherwise to answer "We do not." The jury answered "We do not", and it is impossible for this court to determine which part of the question the jury considered not to have been established by a preponderance of the evidence.

The plaintiff submitted a special issue on discovered peril which differed somewhat from that submitted by the court. He contends that the trial court erred in not submitting the issue which he requested. The requested issue was not in proper form and should not have been submitted by the trial court. *Texas & N. O. Ry. Co. v. Hart,* 163 Tex. 450, 356 S.W.2d 901 (1962).

The failure of the trial court to submit an explanatory instruction on circumstantial evidence was not error. *Larsen v. Ellison,* 147 Tex. 465, 217 S.W.2d 420 (1949).

J. O. Dartez, the father of Richard Dartez, contends that the trial court erred in refusing to enter judgment for the damage which he suffered as a result of the injury to his son as found by the jury in answer to

special issue no. 4. It is a general rule that the contributory negligence of a child will defeat a parent's recovery. 67 C.J.S., Parent and Child, § 47. No Texas cases have been found which discuss the rule. Cases from other jurisdictions base their decisions on one or more of the following grounds: (1) that the parent's action is derivative in nature, (2) that the child's action is imputed to the parent, and (3) that the parent's cause of action is actually an assignment of a portion of the child's cause of action.

The general rule is stated in Sec. 494, Restatement of Torts 2d:

"The plaintiff is barred from recovery for an invasion of his legally protected interest in the health or life of a third person which results from the harm or death of such third person, if the negligence of such third person would have barred his own recovery."

Text writers and commentators have been critical of the rule, but the cases from American jurisdictions are almost unanimous in holding that the contributory negligence of a spouse bars a recovery of collateral damages suffered by the other spouse, and the rule is equally well established that the contributory negligence of a child will operate as a bar to a parent's action for collateral damages. Annotation, Contributory Negligence—Imputing, 21 A.L.R.3d 469. The rule was criticized and abandoned by the Supreme Court of Iowa in *Handeland v. Brown,* 216 N.W.2d 574 (Iowa 1974). The Supreme Court of Texas has held that the negligence of the parent is not imputable to the child to bar the latter's recovery. *Gulf Production Co. v. Quisenberry,* 128 Tex. 347, 97 S.W.2d 166 (1936). It has long been the rule in Texas that in an action against a third party for the injury or death of a child, a negligent parent is defeated by his own contributory negligence. The other parent is defeated because the recovery would be community property, and the negligent parent would be thereby enriched, hence neither parent can recover. *Missouri-Kansas-Texas Ry. Co. v. Hamilton,* 314 S.W.2d 114 (Tex.Civ. App.—Dallas, 1958, writ ref'd n.r.e.). In

*Dallas Ry. & Terminal Co. v. High,* 129 Tex. 219, 103 S.W.2d 735 (1937), the court held that where one spouse is injured in an accident proximately caused by the negligence of the other spouse and a third party, the injured spouse cannot recover damages for the injuries received in such accident. Among other cases cited in support of this rule was *Missouri Pacific Ry. Co. v. White,* 80 Tex. 202, 15 S.W. 808 (1891), where the court stated that "The authorities seem to hold generally that the negligence of the husband would be imputed to the wife." The court also pointed out, "With us the proceeds of a recovery become community property, the recovery is as much for the husband as the wife, and for that reason his negligence would affect the right of recovery."

It has been held that the negligent actions of a father, as a general rule, could not be imputed to the plaintiff, an unemancipated minor child, if those acts, along with the conduct of another combine to constitute a negligent act by which the child received an injury. *Mercer v. Evans,* 173 S.W.2d 206 (Tex.Civ.App.—Fort Worth, 1943, writ ref'd). In the same case it was pointed out that although the child could recover for her own injuries, she could not recover for doctor's bills and hospital bills incurred by her parents.

While we have found no Texas case holding that a parent's cause of action for his son's medical expense is barred by the son's contributory negligence, the weight of authority in this country clearly supports denial of a recovery in such case. The trial court did not err in refusing to enter judgment for J. O. Dartez. See *Tisko v. Harrison,* 500 S.W.2d 565 (Tex.Civ.App.—Dallas 1973, writ ref'd n.r.e.).

The jury found that Richard would suffer no loss of earning capacity as the result of his injury. Appellant complains that this answer is so against the weight and preponderance of the evidence that the case should be reversed and remanded. We do not reach this issue because the jury's finding of contributory negligence supports the trial court's judgment that Richard take noth-

ing. The findings of the jury in response to the damage issue are immaterial.

The judgment is affirmed.