NATIONAL BONDING AGENCY &
Blake McCallum, Appellant,

v.

Joanne DEMESON, Appellee.

No. 21000.

Court of Appeals of Texas,
Dallas.

Feb. 24, 1983.

Rehearing Denied March 31, 1983.

Joe Bailey Humphreys, Dallas, for Appeal only, for appellant.

Randy Taylor and C. Tony Wright, Dallas, for appellee.

Before AKIN, STOREY and VANCE, JJ.

VANCE, Justice.

The National Bonding Agency appeals from a jury verdict awarding Joanne Demeson actual damages of $90,500 and exemplary damages of $75,000 plus court costs for the intentional deprivation of her right to privacy. Demeson alleged damages resulting from libel and slander,[1] invasion of her right to privacy,[2] assault and false imprisonment,[3] intentional infliction of mental distress, and intentional trespass to chattel.[4] Although the jury found that the defendant had committed several of these torts, the judgment awarded damages only for the invasion of privacy.

Much pre-submission maneuvering preceded this appeal. This court increased the amount of the appeal bond to ensure payment for the extensive statement of facts which had been prepared and for court costs. By mandamus this court ordered the court reporter to deliver the statement of facts upon appellant's filing of a new bond with good and sufficient sureties, the solvency of the original insurer being in dispute. Appellant has failed to file a new bond; consequently, the record consists only of a transcript. As an alternative to the measures available under Tex.R.Civ.P. 387, we choose to dispose of this case on the merits.

■ In its first and fourth points of error National Bonding asserts that Demeson has

no cause of action for invasion of privacy because this is not an actionable tort in Texas. We do not agree. For many years Texas law failed to recognize an enforceable right to privacy. *Hansson v. Harris,* 252 S.W.2d 600 (Tex.Civ.App.—Austin 1952, writ ref'd n.r.e.); *Milner v. Red River Valley Publishing Co.,* 249 S.W.2d 227 (Tex.Civ. App.—Dallas 1952, no writ). But in a landmark decision the Texas Supreme Court implicitly overruled previous case law by establishing that "... an unwarranted invasion of the right of privacy constitutes a legal injury for which a remedy will be granted." *Billings v. Atkinson,* 489 S.W.2d 858, 860 (Tex.1973). The Texas Supreme Court has subsequently cited to *Billings* with approval in *Industrial Foundation of the South v. Texas Industrial Accident Board,* 540 S.W.2d 668, 682 (Tex.1976), *cert. denied* 430 U.S. 930, 97 S.Ct. 1550, 51 L.Ed.2d 774 (1977). Texas appellate courts have since used *Billings* as the standard for actions based on invasion of privacy.[5]

■ Prosser suggests that the concept of invasion of privacy includes four torts tied together by a common name. He describes them as follows:

1. Intrusion upon the plaintiff's seclusion or solitude, or into his private affairs.

2. Public disclosure of embarrassing private facts about the plaintiff.

3. Publicity which places the plaintiff in a false light in the public eye.

4. Appropriation, for the defendant's advantage, of the plaintiff's name or likeness.

1. These were claimed to have resulted from publication of a "wanted" poster bearing Demeson's picture, describing her as a bond jumper and referring to her sexual habits.

2. She claimed that appellant had intruded into her seclusion, publicly disclosing private facts about her, and placing her in a false light.

3. Demeson claimed that appellant and others had forced their way into her residence, holding her and her children hostage, threatening them, and not allowing them to leave.

4. Demeson alleged appellant had set fire to her car.

5. For published cases in which the plaintiff has recovered, see *Trevino v. Southwestern Bell Tel. Co.,* 582 S.W.2d 582, 584 (Tex.Civ.App.— Corpus Christi 1979, no writ); *Gonzales v. Southwestern Bell Tel. Co.,* 555 S.W.2d 219, 221 (Tex.Civ.App.—Corpus Christi 1977, no writ). Both cases concerned unpermitted entry and removal of telephones. *Billings, supra,* concerned wiretapping.

*See* W. Prosser, Handbook of the Law of Torts § 117 (4th ed. 1971); Prosser, *Privacy,* 48 Calif.L.Rev. 383 (1960); Bacharach, *The Privacy Action in Texas,* 29 Sw.L.J. 928 (1975). Demeson has asserted that the publication of the "wanted" poster resulted in commission of the first three types listed above. On the authority of *Billings, supra,* we hold that Demeson has stated a tort actionable in Texas, to wit: the intentional invasion of the right of privacy. Points of error one and four are overruled.

■ National Bonding claims in its second and fifth points of error that the award of damages for mental anguish cannot stand because the jury did not find physical injury. We cannot agree because in *Billings, supra,* at 861, the Texas Supreme Court stated that

> Damages for mental suffering are recoverable without the necessity of showing actual physical injury in a case of willful invasion of the right of privacy because the injury is essentially mental and subjective, not actual harm done to the plaintiff's body.

The general rule in Texas is that mental anguish is not ground for recovery of damages unless accompanied by physical injury. *Harned v. E–Z Finance Co.,* 151 Tex. 641, 254 S.W.2d 81, 82 (1953). But in both *Fisher v. Carrousel Motor Hotel, Inc.,* 424 S.W.2d 627, 630 (Tex.1967) (willful battery) and in *Billings, supra,* (invasion of privacy) the Texas Supreme Court has held that the plaintiffs were entitled to actual damages for mental suffering even in the absence of physical injury.[6] We overrule points of error two and five.

■ National Bonding further contends that the court could award only nominal damages because the jury found Demeson sustained no actual damages from the libel

found by the jury. This contention ignores the finding that "the publication of the 'wanted' posters in question proximately caused Demeson *more than* nominal damages" (emphasis added). Thus awarding Demeson only nominal damages would not have fully compensated her for her harm. Appellant also overlooks the fact that the award of damages rested on a finding of mental anguish resulting from an invasion of privacy *or* libel. Once again *Billings* provides us with guidance, for in special issues almost identical to these on invasion of privacy, the jury found more than nominal damages, mental anguish, proximate cause, etc., and the Texas Supreme Court affirmed the damages award. *Billings, supra,* at 859.

■ National Bonding also complains that the award of $75,000 exemplary damages is "out of proportion to reality." We do not agree. An issue as to excessiveness of a verdict must be determined by the evidence in the particular case. *Melanson v. Turner,* 436 S.W.2d 197, 200 (Tex.Civ. App.—Fort Worth 1968, no writ). *See J.A. Robinson Sons v. Ellis,* 412 S.W.2d 728, 744 (Tex.Civ.App.—Amarillo 1967, writ ref'd n.r.e.); *Chemical Express v. Cole,* 342 S.W.2d 773, 780 (Tex.Civ.App.—Dallas 1961, writ ref'd n.r.e.). But since we have no statement of facts before us, we cannot review the outrageousness of appellant's conduct nor say that the award was excessive.

■ Appellant next alleges a conflict in the jury findings arising from the jury's finding that Demeson suffered no damages from the libel and the jury's answer to the following special issue:

> From a preponderance of the evidence what sum of money, if any ... do you

---

6. The published cases awarding actual damages for mental suffering in the absence of physical injury are scanty however. They include *Trevino* and *Gonzales, supra,* (invasion of privacy); *Ledisco Financial Services v. Viracola,* 533 S.W.2d 951, 957 (Tex.Civ.App.—Texarkana 1976, no writ) (debt collection); *Pat H. Foley & Co. v. Wyatt,* 442 S.W.2d 904 (Tex.Civ. App.—Houston [14th Dist.] 1969, writ ref'd n.r.e.) (viewing dead body); *Stein v. Greene-*

*baum,* 203 S.W. 809, 813 (Tex.Civ.App.—Galveston 1918, no writ) (malicious prosecution); *Western Union Telegraph Co. v. Buchanan,* 61 Tex.Civ.App. 212, 129 S.W. 850 (Tex.Civ.App. —San Antonio 1910, no writ) (negligent misdelivery of death message telegrams). *Cf. Phillips v. Latham,* 523 S.W.2d 19, 27 (Tex.Civ. App.—Dallas 1975, writ ref'd n.r.e.); *Earthman's, Inc. v. Earthman,* 526 S.W.2d 192 (Tex. Civ.App.—Houston [1st Dist.] 1975, no writ).

find should be awarded to Joanne Demeson as exemplary damages for the above invasion of privacy *or* libel? [Emphasis added]

The answer, awarding exemplary damages of $75,000, could have rested on either of the two theories, invasion of privacy or libel, for the issue was formulated disjunctively. The court is under a duty to reconcile conflicting jury findings if at all possible. *Huber v. Ryan,* 627 S.W.2d 145 (Tex. 1981); *Garza v. Waco Scaffold & Shoring Co.,* 576 S.W.2d 442, 446 (Tex.Civ.App.—El Paso, 1978 writ ref'd n.r.e.). In this case the trial judge did so by holding that the exemplary damages were awarded for the malicious intentional invasion of Demeson's privacy, and he so recited in the judgment. Thus the jury's finding of no damages from the libel did not irreconcilably, much less fatally, conflict with the award of exemplary damages for the invasion of privacy.

National Bonding further argues that there is no other finding on which the award of $75,000 exemplary damages can be based. We cannot agree because in answer to a special issue the jury found that National Bonding committed the invasion of privacy with malice. It is well settled that exemplary damages may be awarded where there are actual damages and a tort is committed with malice. *Ledisco Financial Services v. Viracola, supra,* at 957; *Briggs v. Rodriguez,* 236 S.W.2d 510, 515 (Tex.Civ.App.—San Antonio 1951, writ ref'd n.r.e.). Demeson's brief contains several cross points, but these are unsupported by argument or authority. They therefore present nothing for review. See Tex.R. Civ.P. 418 and 420. The judgment is affirmed.