

# THE ATTORNEY GENERAL
## OF TEXAS

February 04, 1988

JIM MATTOX
ATTORNEY GENERAL

Mr. Marlin W. Johnston  
Commissioner  
Texas Department of Human  
   Services  
P. O. Box 2960  
Austin, Texas 78769

Opinion No. JM-851

Re: Whether section 3(a)(1) of the Open Records Act, article 6252-17a, V.T.C.S, authorizes the Department of Human Services to withhold records about a deceased person (RQ-1150)

Dear Commissioner Johnston:

You ask whether section 3(a)(1) of the Open Records Act, article 6252-17a, V.T.C.S., requires the Department of Human Services to withhold certain records about a person who is now deceased. Section 3(a)(1) provides that a governmental body may withhold from public disclosure "information deemed confidential by law, either Constitutional, statutory, or by judicial decision." Section 10 of the Open Records Act prohibits the release of "[i]nformation deemed confidential under the terms of this Act." Thus, section 3(a)(1) is an exception that must be invoked if it is applicable.

You state that you have received a request for the adult protective services records and Medicaid records of a person who is now dead. You ask whether the confidentiality provisions of sections 12.003, 21.012, and 48.083 of the Human Resources Code apply even though the person to whom the records pertain is no longer alive.

It has been suggested that there is a general rule, growing out of the common-law right of privacy, that statutory confidentiality provisions lapse on the death of the person to whom the confidential records pertain. We disagree with that suggestion. The common-law right of privacy was first recognized by the Texas Supreme Court in 1973. Billings v. Atkinson, 489 S.W.2d 858 (Tex. 1973). Only in 1979 did a Texas court determine that Texas would follow the Restatement and majority view that the common-law right of privacy terminates upon the death of a

person whose privacy is invaded.[1] <u>Moore v. Charles B. Pierce Film Enterprises, Inc.</u>, 589 S.W.2d 489 (Tex. Civ. App. - Texarkana 1979). <u>See generally</u> Harper, James & Gray, <u>The Law of Torts</u>, vol. 2, §9.6 (2d ed. 1986). Therefore, it can hardly be maintained that the recently discovered rule that common-law privacy rights lapse upon death is so imbedded in Texas law that we should presume that <u>statutes</u> that make certain types of information confidential lapse upon the death of the subject of the information -- particularly statutes such as sections 12.003 and 21.012 of the Human Resources Code, the original versions of which were enacted as part of the Public Welfare Act of 1941. Acts 1941, 47th Leg., ch. 562, §1, at 914. <u>See</u> Harper, James, Gray, <u>supra</u>, at 647 (noting that privacy statutes in most states provide for the survival of causes of action). The question before us, then, is one of statutory construction. <u>See</u> Attorney General Opinion JM-229 (1984). Nothing in the three statutes you ask about indicates that the legislature intended those confidentiality provisions to apply only during the lifetime of the subject of the information. Therefore, you must withhold the requested information.

## S U M M A R Y

The Department of Human Resources must withhold Medicaid records and adult protective services records of a person who is now deceased. Hum. Res. Code §§12.003, 21.012, and 48.083; V.T.C.S. art. 6252-17a, §3(a)(1).

Very truly yours,

JIM MATTOX
Attorney General of Texas

---

1.   The first court of last resort to recognize the right of privacy was the Georgia Supreme Court, which did so in <u>Pavesich v. New England Life Ins. Co.</u>, 50 S.E. 68 (Ga. 1905). Harper, James, and Gray, <u>The Law of Torts</u>, vol. 2, §9.6, at 641, n. 28 (2d ed. 1986). <u>See generally</u> Prosser & Keeton, <u>The Law of Torts</u>, §117 (5th ed. 1984).

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General