**Dan BOYLES, Jr., Appellant,**

v.

**Susan Leigh KERR, Appellee.**

**No. 6–90–064–CV.**

Court of Appeals of Texas,
Texarkana.

Jan. 8, 1991.

Rehearing Overruled Feb. 5, 1991.

Second Motion for Rehearing
Overruled March 5, 1991.

Barry A. Chasnoff, Akin, Gump, Strauss, Hauer & Feld, San Antonio, Lynne Liberato, David Crump, Johnson & Gibbs, Houston, for appellant.

Kenneth W. Burch, Gray, Burch & Haddad, Ronald D. Krist, Houston, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

### OPINION

GRANT, Justice.

Dan Boyles, Jr. appeals from a judgment rendered against him and Karl Broesche, Ray Widner, and John Paul Tamborello[1] for $1,000,000 in favor of Susan Leigh Kerr. The jury awarded Kerr $250,000 for mental pain and anguish caused by the defendants' tortious acts, $250,000 for future mental pain and anguish, and $500,000 in punitive damages, which was divided among the defendants.

On appeal, Boyles brings four points of error and argues them jointly in his brief. He contends that the trial court erred in rendering judgment because the cause of action upon which the case was tried does not exist, because there was no evidence of negligence, because there was no duty which would support the finding of negligence and because the jury verdict cannot support the judgment rendered.

The evidence reflects that Boyles and Kerr went on their first date to her senior prom in May, 1985, and that the date ended in a sexual encounter. Boyles was seventeen years old at the time, and Kerr was nineteen years old. They met several times afterwards in other locations, with each meeting ending in sexual activity. On August 10, 1985, Kerr asked Boyles to accompany her to a wedding. He declined but agreed to pick her up afterwards. Before picking her up, Boyles spoke with Broesche and arranged to use Broesche's parents' home as a place to engage in sexual intercourse. Broesche suggested video-

---

1. Karl Broesche settled with Kerr after the judgment was rendered. Widner and Tamborello have not appealed the judgments against them.

taping the activity. Boyles went to pick up Kerr while Broesche, Widner, and Tamborello set up a hidden video camera focused on the bed. While setting up the camera, the three engaged in a taped conversation, identifying each other for the camera's benefit and making vulgar comments and predictions about the activity which was about to occur. They left the room with the camera running, and later the sexual intercourse between Boyles and Kerr was videotaped.

Boyles obtained the videotape shortly after it was made, and he showed it on three different occasions in private residences to a total of ten people. Kerr testified that there was considerable gossip about the tape going around the Southwest Texas State University campus, where she attended school, and the University of Texas campus, where Boyles attended. She further testified that the gossip had spread to some of her friends at other college campuses. In early December of that year, she demanded that Boyles give her the tape, which he did.

Kerr testified that she had experienced severe emotional distress from these events, that she had been highly embarrassed, that she had experienced nightmares, shaking, dizziness and stomach upsets, and that she had difficulty working and taking her college finals. She also testified that she had some difficulty relating to men, although she testified to having had several lengthy and sexually active relationships since this occurrence.

The jury found that the defendants' negligence had proximately caused Kerr to suffer mental anguish; that the percentage of negligence attributable to Boyles was sixty percent, to Broesche was twenty percent, and to Tamborello and Widner, ten percent each; and that each of the defendants had been grossly negligent. The jury awarded exemplary damages of $350,000 against Boyles, $100,000 against Broesche, and $25,000 each against Tamborello and Widner.

We first examine Boyles' contention that the trial court erred in rendering judgment because the cause of action upon which the case was tried does not exist. Kerr went to trial on her eighth amended original petition. In that petition, she alleged that she was entitled to damages for the intentional, as well as the negligent, invasion of her privacy and the repeated public disclosure of embarrassing private matters concerning her. She also alleged that she was entitled to damages because of the negligent infliction of mental and emotional stress and trauma by the defendants.

In *Billings v. Atkinson*, 489 S.W.2d 858 (Tex.1973), the Supreme Court declared that "an unwarranted invasion of the right to privacy constitutes a legal injury for which a remedy will be granted." The Court recognized that the type of injury in an invasion of privacy case is necessarily nonphysical in nature and held that damages for mental suffering are recoverable without the necessity of showing actual physical injury in a case of *willful* invasion of the right of privacy. *See also National Bonding Agency v. Demeson*, 648 S.W.2d 748 (Tex.App.—Dallas 1983, no writ). The issue before this Court, however, is whether recovery is available when the invasion of the right of privacy is caused by negligence.

Generally, the aim of tort law is to protect the rights and privileges of persons against wrongful acts by others. Our tort law provides redress from wrongful acts that affect some legal interest of the complaining party. The right to privacy is a recognized legal interest in Texas. *Billings*, 489 S.W.2d 858. The concept of invasion of privacy covers four torts: (1) intrusion upon the plaintiff's seclusion, solitude or private affairs; (2) public disclosure of embarrassing private facts about the plaintiff; (3) publicity which places the plaintiff in a false light in the public eye; and (4) appropriation, for the defendant's advantage, of the plaintiff's name or likeness. *Moore v. Charles B. Pierce Film Enterprises*, 589 S.W.2d 489 (Tex.Civ.App.—Texarkana 1979, writ ref'd n.r.e.).

The acts in the present case could be classified under the first three of the foregoing tort classifications: the acts of Boyles amounted to an intrusion into

Kerr's personal affairs;[2] the acts disclosed embarrassing private matters to the public;[3] and the acts placed her in the false light of appearing to be a person who willingly allowed herself to be videotaped while engaging in sexual activities.

We have found no case in which a Texas state court has held whether a negligent invasion of privacy is compensable. In *Wood v. Hustler Magazine,* 736 F.2d 1084 (5th Cir.1984), the federal court, applying Texas law, upheld a judgment in which Hustler Magazine was found liable for negligently placing the plaintiff in a false light. This finding was based upon the magazine placing the plaintiff in an offensive false light by publishing a stolen photograph of her in the nude. The magazine was found to have been negligent in its procedures because it had failed to verify whether the person shown in the photograph had consented to the publication.

■ Other jurisdictions have recognized that invasion of privacy can be accomplished negligently as well as intentionally. *See, e.g., Lynn v. Allied Corp.,* 41 Ohio App.3d 392, 536 N.E.2d 25 (1987); *Prince v. St. Francis-St. George Hospital,* 20 Ohio App.3d 4, 484 N.E.2d 265 (1985). According to authorities in some other jurisdictions, the precise motives of the defendant are generally unimportant in determining whether there is a right of action for invasion of privacy. *See* cases cited under 62A AM.JUR.2D *Privacy* § 46 (1990). The right to compensation for a recognized tortious injury should not depend upon whether it is inflicted for the purpose of harming the injured party or negligently inflicted with the likelihood of harming the injured party. Thus, the basis for liability in a privacy action may rest upon a negligent, as well as an intentional, invasion.

■ Emotional distress may be an element of damages in cases in which other interests have been invaded and in which

tort liability has arisen because of that invasion. There is also a separate tort of negligent infliction of emotional distress which has been recognized in some circumstances to be an independent cause of action in Texas. The Supreme Court specifically stated in *St. Elizabeth Hospital v. Garrard,* 730 S.W.2d 649, 654 (Tex.1987): "Texas joins an established trend in American jurisprudence which recognizes the tort of negligent infliction of mental anguish without imposing arbitrary restrictions on recovery in such actions." *See also Blankenship v. Kerr County, Texas,* 878 F.2d 893 (5th Cir.1989).

Both negligent invasion of privacy and the negligent infliction of emotional distress are viable legal remedies upon which the trial court could base its judgment. Both of these remedies were covered under the submission of broad negligence issues to the jury. The point of error that the cause of action upon which the case was tried does not exist is overruled.

■ We next address Boyles' contention that he and his codefendants owed no duty to Kerr. The case was tried on straightforward negligence issues. As previously discussed, Kerr's right to privacy is entitled to legal protection. These codefendants had a legal duty not to engage in conduct which would result in foreseeable damages to Kerr. Such a duty may arise not only as a matter of a legal relation but also from a knowledge of the danger, which in turn depends upon the probability of injury. *Bennett v. Span Industries,* 628 S.W.2d 470, 473 (Tex.Civ.App.—Texarkana 1981, writ ref'd n.r.e.). If the circumstances are such that a person of ordinary common sense would recognize that, if he did not exercise reasonable care in his conduct with regard to the known circumstances, his acts would place another in danger, the duty to use ordinary care to

---

2. This is analogous to the publishing of unauthorized photographs taken in a private place, which is a recognized intrusion into one's privacy for which recovery may be had if the intrusion causes the person to suffer emotional distress. *See generally* cases cited in 62A AM.JUR.2D *Privacy* § 107 (1990).

3. Sexual relations are recognized generally as entirely private matters. *See* RESTATEMENT (SECOND) OF TORTS § 652D (1977). The RESTATEMENT (SECOND) OF TORTS § 652B (1977) supports only intentional invasions of privacy.

avoid such danger arises. *Bennett*, 628 S.W.2d at 474. Certainly Boyles could have foreseen the likelihood that emotional injury to Kerr would result from his acts.

When all of the essential facts are undisputed, the existence of duty is a question of law. *Mitchell v. Missouri–Kansas–Texas R. Co.*, 786 S.W.2d 659, 662 (Tex.1990). Factors which should be considered in determining whether there is a duty are the risk, foreseeability, and likelihood of injury weighed against the social utility of the actor's conduct, the magnitude of the burden of guarding against the injury and consequences of placing that burden on the defendant.[4] *Otis Engineering, Corp. v. Clark*, 668 S.W.2d 307, 309 (Tex.1983). Some legal scholars contend that the issue of duty begs the essential question as to whether the plaintiff's interests are entitled to legal protection against the defendant's conduct.[5]

Around the turn of the century and within the two decades that followed, some courts from other jurisdictions expressed great concern that the tort for intentional infliction of mental distress would open a wide door to not only fictitious claims but to litigation in the field of trivialities and mere bad manners.[6] Boyles contends that to allow legal protection to Kerr for the negligent infliction of emotional distress would also open a floodgate of uncontrollable litigation. However, there is a requirement that the harm result in more than an embarrassment or social insult, and a wrongful act is a prerequisite to the action. A wrongful act is any act which in the ordinary course infringes upon the rights of another, unless it is done in the exercise of an equal or superior right. The recent case of *Valenzuela v. Aquino*, 800 S.W.2d 301 (Tex.App.—Corpus Christi, 1990), is an example of a situation in which the defendant was held to have a superior right. In that case, the court held that the plaintiff was not entitled to damages for

negligent infliction of emotional distress because the harm resulted from the defendant's exercise of the constitutionally protected right of freedom of speech. There are no doubt numerous inflictions of emotional distress in our society which are not compensable because no wrongful act has occurred and no duty is owed or because the emotional distress is the result of some other person exercising a recognized right.

In the present case, Boyles does not contend that he was not involved in a wrongful act, nor does he contend that he had a right to take such action. He does contend that there was no duty owed by him to Kerr. We find that there was. This point of error is overruled.

Boyles further contends that there was no evidence of negligence. In reviewing no evidence points, the Court considers only the evidence tending to support the finding, viewing it in the light most favorable to the finding, giving effect to all reasonable inferences therefrom and disregarding all contrary and conflicting evidence. *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400 (Tex.1981).

The fundamental difference between a negligence injury and an intentional injury is the specific intent to inflict injury. *Reed Tool Co. v. Copelin*, 689 S.W.2d 404 (Tex.1985). An intentional act may nevertheless constitute negligence on the part of the actor. *Dartez v. Gadbois*, 541 S.W.2d 502 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ). There is no dispute that the act of videotaping the sexual activity and the acts of showing the videotape to others were intentional, but there is no evidence to suggest that Boyles and his codefendants set out intentionally to injure Kerr. However, the possibility of harm to Kerr was foreseeable. The undisputed facts of the case as previously set forth constitute sufficient evidence upon which the jury could base its negligence

---

**4.** The Supreme Court in *Otis Engineering Corp. v. Clark*, 668 S.W.2d 307, 309 (Tex.1983), actually used the term *employer* instead of *defendant*, but in the broad application of the concept of duty in tort cases, this would apply to all defendants.

**5.** *See* W. Keeton, Prosser and Keeton on Torts §§ 53–56 (5th ed. 1984).

**6.** *See* W. Keeton, Prosser and Keeton on Torts § 12 (5th ed. 1984).

findings. The point of error contending that there was no evidence to support the judgment is overruled.

 Boyles also argues that the jury verdict cannot support the judgment rendered. As the Supreme Court pointed out in *St. Elizabeth Hospital*, 730 S.W.2d 649, a cause of action for negligent infliction of mental anguish can be analyzed in the same manner as a traditional negligence cause of action utilizing the reasonable prudent person standard. In the instant case, the jury found that Boyles was negligent in his acts and that his negligence proximately caused mental anguish[7] to Kerr. The jury also made monetary awards for damages. Furthermore, the jury found that Boyles was grossly negligent.[8] The findings made by the jury were sufficient to support a judgment based upon negligent infliction of mental anguish.

 The Supreme Court in *Billings*, 489 S.W.2d 858, required the injured party who sought recovery for invasion of privacy to show (1) that publicity was given to matters concerning his private life, (2) that the publication would be highly offensive to a reasonable person of ordinary sensibilities, and (3) that the matter publicized was not of legitimate public concern.

 In the present case, the evidence is uncontradicted that the videotape of Kerr engaging in sexual activity was shown to a number of people. Thus, an intrusion into her private affairs and a public disclosure are undisputed in the facts of the case. There is no suggestion in the facts or in law that would make this matter one that could be publicized because of legitimate public concern. No question or instruction was submitted to the jury seeking a finding of whether the publication would have been highly offensive to a reasonable person of ordinary sensibilities. The definition given

to the jury for mental anguish required "a relatively high degree of mental pain and distress." In the negligence issues, the jury found that Boyles' conduct violated what a reasonable person would have done. There was, however, no specific finding that the conduct would have been highly offensive to a reasonable person. Boyles did not object to this omission.

Rule 279 of the Rules of Civil Procedure provides that when one or more issues that are necessary to sustain a ground of recovery are submitted to and answered by the jury, and when one or more issues are omitted without objection and there is evidence to support a finding on those issues, such omitted issues shall be deemed as found by the court in such a manner as to support the judgment. There is sufficient evidence to support a finding that Boyles' conduct would have been highly offensive to a reasonable person of ordinary sensibilities, and therefore, this issue is deemed as having been found by the trial court. Thus, the jury verdict, along with this deemed finding, also supports the judgment on the basis of negligent invasion of privacy. This point of error is overruled.

The judgment of the trial court is affirmed.

## ON MOTION FOR REHEARING

On motion for rehearing, Boyles argues that Kerr had expressly waived in open court every ground for recovery except negligent infliction of mental distress. We have reviewed the statement made by Kerr's attorney concerning the requested charge. The comments do not establish that the counsel for Kerr intended to waive any grounds for relief, but rather that counsel considered these grounds subsumed under the broad submission to the jury.

7. *Mental anguish* was defined for the jury to mean "a relatively high degree of mental pain and distress. It is more than mere disappointment, anger, resentment or embarrassment, although it may include all of these. It includes a mental sensation of pain resulting from such painful emotion as grief, severe disappointment, indignation, wounded pride, shame, despair and/or public humiliation."

8. *Gross negligence* was defined in the jury charge as "an entire want of care as to indicate that the act or omission in question was the result of conscious indifference to the rights, welfare or safety of the persons affected by it."

Counsel also calls our attention to the recent case of *Reagan v. Vaughn*, 804 S.W.2d 463 (1990). In this case, the Supreme Court addressed an award for mental anguish based upon a situation involving a third party who suffered mental anguish because of an injury to her father. The present case is not a by-stander situation, but rather is a case dealing with direct injuries by the tortfeasors upon Kerr.

Boyles attempts in his amended motion for rehearing to raise a new point of error that was not raised in the original brief. Errors not raised in an appellant's initial brief are waived. *In the Matter of R.L.H.*, 771 S.W.2d 697 (Tex.App.—Austin 1989, writ denied).

The motion for rehearing is overruled.